SARAH V. GREEN v. WILLIAM BENTON.

No. 68.

1. Will as Evidence.— The will of one who died in Georgia, and which was offered for probate there, is not admissible as evidence in Texas, unless a copy of the order or judgment admitting the will to probate accompanies it. A certified copy of the evidence upon which the will was admitted to probate is not sufficient.

2. Right of Recovery by Heirs at Law.—There being allegation and proof that plaintiffs were the widow and children, and hence the heirs at law, of the owner of the land, judgment should have been rendered for the widow, the children having dismissed, because she showed that she was entitled to the possession of the land, and the defendant, so far as the record shows, was a mere trespasser. In the absence of a will, so far as appears from the record, she was entitled to a community interest in the land, and as against the defendant was entitled to recover upon the title by inheritance from her husband.

APPEAL from Nueces.   Tried below before Hon. J. C. RUSSELL.

*Beasley & Flournoy*, for appellant.—1. The court erred in excluding from the evidence the will of Dr. James Mercer Green, because the transcript offered contained a copy of said will and the probate thereof in the County Court of Bibb County, in the State of Georgia, and was certified and attested under the seal of said court as provided by statute, and duly recorded in the register of deeds of Nueces County, Texas, and was under the statutes admissible in evidence as a muniment of title to the land in suit.   Rev. Stats., arts. 548a (secs. 1, 2, 3), 905; Poole v. Jackson, 66 Texas, 380; Rev. Stats. U. S., sec. 905; 1 Whart. on Ev., secs. 96, 99, 100 (cases cited in note 5), 101.

2. The court erred in not rendering judgment for the plaintiff, the evidence showing that the title was vested in James M. Green, and that he was dead, and that the plaintiff and her children are his sole heirs at law; and that the plaintiff in any event was entitled to a life-estate in one-third of the land, and that as a tenant in common with her children, and as against the defendant, a trespasser and a stranger, was entitled to recover possession of the entire tract.   46 Texas, 222; 55 Texas, 215.

No brief for appellee reached the Reporter.

GARRETT, CHIEF JUSTICE.—This is a suit of trespass to try title to recover 1280 acres of land situated in Nueces County, brought by the appellant, Sarah V. Green, against William Benton, April 9, 1887.

On April 8, 1889, Selina V. Poe and her husband, William A. Poe, and James E. B. Green, children of the plaintiff and James Mercer Green, deceased, had leave to intervene in the suit, and filed an amended original petition with the plaintiff Sarah V. Green, in which they sought to

recover the land also. The petition had the usual form of allegations in a suit of trespass to try title, and also alleged, that Sarah V. Green is the widow and James E. B. Green and Selina V. Poe are the children of James Mercer Green, who departed this life on the — day of ——, testate, and by the terms of his will, which is dated April 4, 1879, and had been duly probated and recorded in the county of Nueces, all the property of which he died possessed was devised to said Sarah V. Green for her life, and at her death to said James E. B. Green and Selina V. Poe, and that during his life and at the time of his death the said James Mercer Green was seized and possessed in fee simple of the land described in the petition.

The petition further alleged, that the plaintiffs were the heirs at law of James Mercer Green, deceased; that there was no matter of difference between them as to their respective interests in or rights to the land in controversy; that by reason of the premises they, on the 1st day of January, 1887, and then, were the owners of and seized in fee simple of the tracts of land described, and as such were in the quiet and peaceable possession thereof, etc.

Defendant's answer consisted of plea of not guilty and a plea of the statute of limitations of three, five, and ten years.

On April 1, 1892, James E. B. Green and Selina V. Poe and her husband, who had intervened, took a nonsuit, and the case was tried May 7, 1892, with the appellant alone as plaintiff, and judgment was rendered for the defendant.

On the trial of the cause, after having deraigned title from the sovereignty of the soil down to the said James Mercer Green, the plaintiff offered in evidence what purported to be the will of the said James Mercer Green, deceased. It was offered as of probate in the State of Georgia, under article 548a, Revised Statutes of Texas, and was objected to by the defendant because not accompanied by a copy of the probate thereof, and for other reasons indicated in the stated objections.

The evidence of probate of the will is as follows:

"*Bibb Court of Ordinary, July 4, 1891.*—And now at this term personally appeared in open court George S. Obeor, one of the witnesses to the above and foregoing will, who, being duly sworn, says, that he saw Dr. James Mercer Green execute the same as and for his last will and testament; that at the time he was of sound and disposing mind and memory; that he executed the same fully voluntarily; that this deponent signed the same as witness at the request of said testator, as did John S. Baxter and Thomas Ryan; and that all three of said witnesses signed the same as witnesses in the presence of said testator and in the presence of each other upon the day of its date.

[Signed]  "GEORGE S. OBEOR.

" Sworn to and subscribed before me in open court, this day and year above written.

                            " J. A. McManus, Ordinary.

   " Recorded July 5, 1881.

" *Georgia, Bibb County. Ordinary's Office, Macon, Ga., June 22, 1885.* I, John A. McManus, ordinary of said State and county, do hereby certify, that the Court of Ordinary, of which I am ordinary, is a court of record, and that by the laws of this State I am my own clerk, having charge of the records and seal of said court and the proceedings had therein as such. I further certify, that the foregoing writing is a true copy of the last will and testament of Dr. James Mercer Green, deceased, together with a true copy of the probate of the same as it now appears on record in the office of the Court of Ordinary of said county and State. I further certify, that my attestation as clerk of said court is in due form.

" In testimony whereof, I have hereunto set my hand and affixed the seal of said court as clerk and ordinary thereof as aforesaid, the day and year first above written.

   [Seal]                  " J. A. McManus, Clerk and Ordinary."

There was also evidence that plaintiff Sarah V. Green and the said James E. B. Green and Selina V. Poe were the widow and sole heirs of the said James Mercer Green.

The court held that the evidence of the probate of the will in Georgia was insufficient, and declined to consider the same, and rendered judgment for the defendant.

We are of the opinion that the will was not accompanied by a copy of the probate as the law requires. "A probate of a will is the judicial action of a court having jurisdiction admitting a will as prima facie genuine and valid." 1 Whart. on Ev., sec. 811. A copy of the order or judgment of the ordinary admitting the will to probate should have accompanied the will, and there was no error in excluding the will as evidence, although it was shown to have been recorded in the county of Nueces.

But we are further of the opinion, that as the petition also contained an allegation that plaintiffs were the heirs at law of the said James Mercer Green, and as such were the owners of the land sued for in fee simple, and there being proof of heirship, judgment should have been rendered for the plaintiff Mrs. Green, because she showed that she was entitled to the possession of the land, and the defendant, so far as shown by the record, was a mere trespasser. In the absence of a will, under our laws, so far as appears from the record, the plaintiff would be entitled to a community interest in the land in her own right, but she does not sue on this title. However, she would be entitled, as we have stated before, to the possession of the land as against the defendant upon the title inherited by

her from her husband, if the land was his separate property and there had been no will.

There was proof of the rental value of the land on the trial below, but it was not shown that the defendant was in possession thereof, and his plea of not guilty is not an admission of possession any further than for the purposes of the suit for the land, and would not support a judgment for the rents.

The judgment of the court below will be reversed for the error indicated, and in accordance with the views of the majority of the court, the cause will be remanded for another trial, and not here rendered, as requested by the appellant.

*Reversed and remanded.*

Delivered April 6, 1893.